**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**JACK ALLEN,**

    **Plaintiff,**

vs.                                             **Case No. 4:12cv489-WS/CAS**

**DR. REDRIQUEZ,
and DR. SALVADOR,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

It took many months for the pro se Plaintiff to clarify the identity of a Defendant, first named Purobinso, then identified as either Dr. Redriquez or Dr. Rivera Rosa, and finally, Plaintiff clarified that the correct name of the doctor should be Dr. Redriquez.[1] Doc. 40. After review of Plaintiff's third amended complaint, doc. 41, which named only that doctor as the Defendant, Plaintiff was permitted to file a fourth amended complaint because the third amended complaint failed to state a claim. Doc. 42. Plaintiff's fourth amended complaint is now before the Court. Plaintiff has once again named

---

[1] Plaintiff's handwriting is difficult to decipher. Initially, it was thought that Plaintiff identified this doctor with the surname Rodriguez and that name was used in prior orders. It now appears that Plaintiff has been consistently listing this name as Redriquez. *See* docs. 37, 40, and 43. The name will be spelled as listed by Plaintiff.

Dr. Salvador as a Defendant, and Plaintiff also names Dr. Redriquez as the second Defendant. Doc. 43.

The fourth amended complaint has been reviewed as is required by 28 U.S.C. § 1915A. Plaintiff has not alleged any facts which support an Eighth Amendment claim against Dr. Salvador. Plaintiff contends that Dr. Salvador knew of Plaintiff's medical condition (which presumably is "back problems"). Doc. 43, ¶ 7. Plaintiff indicates he requested a medical pass, which is not identified, and Dr. Salvador did not give Plaintiff the pass. Plaintiff makes the conclusory assertion that Dr. Salvador showed "no concern" for Plaintiff's medical needs. *Id.* Those facts are insufficient to state a claim.

Deliberate indifference to the serious medical needs of sentenced prisoners violates the Eighth Amendment's prohibition of cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976). A "'serious' medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Hill v. Dekalb Regional Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir. 1994), abrogated on other grounds by Hope v. Pelzer, 536 U.S. 730, 122 S.Ct. 2508, 153 L.Ed.2d 666 (2002), *quoting* Laaman v. Helgemoe, 437 F. Supp. 269, 311 (D. N.H. 1977). Alternatively, "a serious medical need is determined by whether a delay in treating the need worsens the condition" or "if left unattended, poses a substantial risk of serious harm." Mann v. Taser Intern., Inc., 588 F.3d 1291, 1307 (11th Cir. 2009), *citing* Hill, 40 F.3d at 1188-89, and Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003). Plaintiff has not identified a "serious medical need" either by diagnosis or by

alleging facts which reveal he had a serious medical issue. Stating only that Plaintiff had "back problems" does not suffice to show Plaintiff's needs were "serious."

Furthermore, deliberate indifference is a culpable state of mind of the defendant to unnecessarily and wantonly inflict pain or harm to a prisoner by depriving him of a basic human need. Wilson v. Seiter, 501 U.S. 294, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991). Plaintiff has not alleged that he had an objectively serious need, or that the Defendant had "an objectively insufficient response to that need, subjective awareness of facts signaling the need, and an actual inference of required action from those facts." Taylor v. Adams, 221 F.3d 1254 (11th Cir. 2000), *cert. denied* 531 U.S. 1077 (2001); Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003); Brown v. Johnson, 387 F.3d 1344, 1351 (11th Cir. 2004), *citing* McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir.1999). At best, Plaintiff has shown that he wanted a particular pass and Dr. Salvador did not give him that pass. "[A] simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment" does not state a claim for "cruel and unusual punishment" under the Eighth Amendment. Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991), citing Waldrop v. Evans, 871 F.2d 1030, 1033 (11th Cir. 1989); *see also* Johnson v. Stephan, 6 F.3d 691, 692 (10th Cir. 1993); Estelle, 429 U.S. at 107, 97 S. Ct. at 293.

As for Plaintiff's claim against Dr. Redriquez, Plaintiff alleges only that he saw this doctor on June 6, 2012, concerning he "back problem." Doc. 43, ¶ 5. Dr. Redriquez ordered x-rays be taken, and that occurred on June 20, 2012. *Id.* at ¶ 6. When Plaintiff had a follow-up appointment with Dr. Redriquez, he alleges he told the

doctor he was "getting no better." *Id.* Nevertheless, Plaintiff alleges Dr. Redriquez released Plaintiff to return to work and he was assigned a job pulling food carts. *Id.* Although Plaintiff complains that he "got no better," Plaintiff has not alleged that he suffered any harm from the work assignment given to him after being released by Dr. Redriquez, that he was in pain and the doctor failed to address his pain or provide him with medication, that the x-rays revealed a problem with his back that the doctor ignored, or that Dr. Redriquez refused to provide Plaintiff with medical care. In sum, Plaintiff has not alleged either a serious need beyond routine back pain or that Dr. Redriquez was deliberately indifferent to that need.

Plaintiff has had ample opportunities to submit a viable complaint. Further opportunities should not be provided. The fourth amended complaint should be dismissed for failure to state a claim and this case dismissed.

Previously, Plaintiff's second amended complaint had been served on Dr. Salvador. *See* docs. 12, 17. Dr. Salvador filed a motion to dismiss to this version of Plaintiff's complaint. Doc. 44. That motion has not been reviewed because the Court's review of Plaintiff's complaint reveals it is deficient. The motion to dismiss, doc. 44, may be denied as moot in light of this report and recommendation based solely on review of Plaintiff's fourth amended complaint, doc. 43.

**Recommendation**

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's fourth amended complaint, doc. 43, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), that Defendant Salvador's

motion to dismiss, doc. 44, be **DENIED as moot**, and the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on January 14, 2014.

    S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**